# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:12CR00046-001 |
| v. | ) | **OPINION** |
| | ) | |
| **KIRK ALAN DEMPSEY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Kirk Alan Dempsey, Pro Se Defendant.*

The defendant, Kirk Alan Dempsey, has filed a motion pursuant to 28 U.S.C. § 2255. The United States has filed in response a Motion to Dismiss. The time allotted for Dempsey's reply has expired, making his motion ripe for disposition. I find that the United States' motion must be granted.

The defendant was sentenced by this court on April 3, 2013, after pleading guilty to conspiring to manufacture controlled substances (Count One), possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count Seven), and possession of a stolen firearm (Count Eight).[1] He received a total sentence of 156 months imprisonment, consisting of 96 months on

---

[1] Dempsey also pleaded guilty to Count Three, charging him with creating a substantial risk to human life while manufacturing methamphetamine, but that count was dismissed upon motion of the United States made prior to sentencing. Order, Apr. 3, 2013, ECF No. 89.

each of Counts One and Eight, to be served concurrently with each other, and 60 months on Count Seven, to run consecutively to the other terms. There was no appeal.

On June 23, 2016, Dempsey filed a motion pursuant to 28 U.S.C. § 2255, contending that his sentence as to Count Seven pursuant to 18 U.S.C. § 924(c) was invalid under the holding by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015).[2]

In its Motion to Dismiss, the United States asserts that Dempsey's 2255 motion should be dismissed because (1) the *Johnson* holding cannot apply to his § 924(c) conviction, because it did not involve a crime of violence, but rather a drug trafficking offense; and (2) his motion is barred by the one-year statute of limitations contained in 28 U.S.C. § 255(f)(1).

I agree that Dempsey's *Johnson* claim is without merit and his motion is barred by the statute of limitations. Accordingly, the United States' Motion to Dismiss will be granted and the § 2255 motion will be dismissed.

A separate final order will be entered forthwith.

DATED: May 30, 2017

/s/ James P. Jones
United States District Judge

---

[2] The motion was filed in this court on July 1, 2016, but the Certificate of Service signed by Dempsey recites that it was mailed on June 23, 2016. Mot. 20, ECF No. 140.